IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michael** | **Harrison** | |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number (If known) | 22-30060 | | |

☑ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:
    ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:
    ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☑ does not value claim(s) that secures collateral.

    (c) This plan:
    ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$340.00** for the applicable commitment period of:

    ☐ 60 months: or

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____% ☐ Debtor 2 ____%

    ☑ Direct to the Trustee for the following reason(s):
      ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
      ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
      **Debtor is unemployed.**

    (c) Additional Payments of **$0.00** (estimated amount) will be made on _____ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

GASB - Form 113 December 1, 2017

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
   (a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.
   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**4,200.00**.
   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.
   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| SOUTH CENTRAL TRUCK SALES | 2013 Hyundi Sonata 80000 miles | 8,000.00 | 4.00% | 154 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| | | | | |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at ____% per annum; or ☐ without interest:
   **None**

   (h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**0.00**, whichever is greater.

GASB - Form 113 December 1, 2017

5.  **Executory Contracts.**
    (a)  Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| Graceland Rentals | storage building | Assumed | $490.00 | Debtor |
| Ernest & Pamela Selph | rent to own mobile home and land | Assumed | $500.00 | Debtor |
| Title Bucks | 2002 Chevrolet Tahoe | Assumed | $189.00 | Debtor |

(b)  Treatment of Arrearages. Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6.  **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| SOUTH CENTRAL TRUCK SALES | 40.00 |

7.  **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| Shazande Mincey | 207 Shana Dr. SW Milledgeville, GA 31061 |

8.  **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| First Franklin | | hhg |
| Honor Finance | | civil |
| TELFAIR MAGISTRATE COURT | | civil |

9.  **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| -NONE- | | |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant

| Debtor | **Michael Harrison** | Case number | **22-30060** |
|---|---|---|---|

to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**Attorney fees will be paid through the Chapter 13 Plan. Secured claims will be paid a rate of 4.0% unless noted.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: **August 1, 2022**

/s/ Michael Harrison
**Michael Harrison**
*Debtor 1*

*Debtor 2*

/s/ Franklin D. Hayes
**Franklin D. Hayes 339910**
*Attorney for the Debtor(s)*

GASB - Form 113 December 1, 2017

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

In Re: Michael Harrison	Chapter 13: 22-30060-SDB
Debtor

Huon Le
Trustee

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the amended Chapter 13 Plan by First Class Mail placing the same in the U.S. Mail with proper postage affixed thereon to the following addresses:

**Huon Le, Chapter 13 Trustee, P.O. Box 2127, Augusta, GA 30903**

**All creditors listed on debtor's mailing matrix.**

**Shazande Mincey, 207 Shana Drive SW., Milledgeville, GA 31061**

I hereby certify that I have served a copy of the amended Chapter 13 Plan on the following corporations addressed to an Agent or Officer by First Class Mail with proper postage affixed thereon to the following addresses:

I hereby certify that the following insured depository institutions were served by Certified Mail addressed to the officer of the institution.

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

This   2nd   day of   August, 2022.

/s/FRANKLIN D HAYES
Franklin D. Hayes
Attorney for Debtor

P.O. Box 2377
Douglas, GA 31534
Ph(912) 383-6132
Fax(912) 383-9634

Label Matrix for local noticing
113J-3
Case 22-30060-SDB
Southern District of Georgia
Dublin
Tue Aug  2 12:31:18 EDT 2022

AU MEDICAL ASSOCIATES
C/O NATIONWIDE RECOVERY SERVICE
PO BOX 8005
CLEVELAND, TN 37320-8005

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Caine Wiener
Officer Manager or General Agent
21210 Erwin Street
Woodland Hills CA 91367-3714

Capio Attention:
Officer, Managing, or General Agent
2222 Texoma Parkway
Sherman TX 75090-2470

Comnwlth Finance
Officer Manager or General Agent
245 Main Street
Scranton PA 18519-1641

DODGE COUNTY HOSPITAL, Atten: Officer
Managing Officer or Agent
P.O. Box 4309
Eastman GA 31023-4309

Directv, LLC
by American InfoSource as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118-7901

Earnest & Pamela Selph
1136 Workmore Milan Rd
Mc Rae GA 31055-5161

FIRST POINT COLLECTION
Officer, Managing, or General Agent
P.O. Box 11047
Charlotte NC 28220-1047

Fedloan
P.O. Box 69184
Harrisburg PA 17106-9184

First Franklin
Officer, Managing, or General Agent
P.O. Box 159
Helena GA 31037-0159

Graceland Rentals
PO Box 1000 Dept 162
Memphis TN 38148-0001

Gwinnett County Magistrate Court
Post Office Box 568
Lawrenceville GA 30046-0568

Gwinnett County State Court
P.O. Box 880
Lawrenceville GA 30046-0880

Michael Harrison
463 Lee Street
Milan, GA 31060-4359

Franklin D. Hayes
Post Office Box 2377
Douglas, GA 31534-2377

Honor Finance
Officer, Managing or General Agent
1731 Central Ave
Evanston IL 60201-1507

LVNV FUNDING
Officer Managing or General Agent
P.O. Box 10584
Greenville SC 29603-0584

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Huon Le
P.O. Box 2127
Augusta, GA 30903-2127

Office of the U. S. Trustee
33 Bull Street, Suite 400
Savannah, GA 31401-3331

Pamela Selph
1136 Workmore Milan Rd
Mc Rae GA 31055-5161

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Quantum3 Group LLC as agent for
CF Medical LLC
PO Box 788
Kirkland, WA  98083-0788

RCVL Per MNG
Officer Managing or General Agent
P.O. Box 1548
Lynnwood WA 98046-1548

SOUTH CENTRAL TRUCK SALES
OFFICER, MANAGING, OR GENERAL AGENT
P.O. BOX 458
Broxton GA 31519-0458

TAYLOR REGIONAL, Atten: Officer or
Managing or General Agent
P.O. Box 1297
Hawkinsville GA 31036-7297

TELFAIR MAGISTRATE COURT
19 East Oak St.
Suite D
Mc Rae GA 31055-6400

Title Bucks
Officer, Managing, or General Agent
613 N. Jefferson Street
Dublin GA 31021-6301

Tribute Capital Partners LLC
P.O. Box 167762
Irving, TX 75016-7762

VERIZON ATTENTION:
OFFICER, MANAGING, OR GENERAL AGENT
P.O. BOX 105378
Atlanta GA 30348-5378

Windstream
Officer, Managing, or General Agent
1720 Galleria Boulevard
Charlotte NC 28270-2408

Yes! Automotive
2368 Hwy 80 W
Dublin GA 31021-0897

law Office
Officer Manager or General Agent
2222 Texoma Pkwy
Sherman TX 75090-2470

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Westlake Portfolio Management  4751 Wilshi

End of Label Matrix
Mailable recipients    34
Bypassed recipients     1
Total                  35